United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10946
Conference Calendar

_____

RONNIE ANDERSON,

                              Plaintiff-Appellant,

versus

GREG ABBOTT, Attorney General of Texas,
Child Support Division,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-892-A
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Ronnie Anderson has appealed the district court's order dismissing his complaint against Greg Abbott, Attorney General of Texas, Child Support Division (the "Attorney General"), asserting that too much of his income had been withheld for child support payments. The district court determined that it did not have jurisdiction over the action, as the Attorney General is immune from suit in federal court under the Eleventh Amendment.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[A]n unconsenting State is immune from suits brought in federal courts by her own citizens . . . ." <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984) (internal quotation marks omitted). "The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." <u>Id.</u> at 101 (internal quotation marks omitted). "Thus, the general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." <u>Id.</u> (internal quotation marks and brackets omitted). "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." <u>Id.</u> at 101-02.

An exception is provided for suits against state officials alleging violations of federal law, in which case "the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief." <u>Id.</u> at 102-03 (discussing <u>Ex parte Young</u>, 209 U.S. 123, 160 (1908), and <u>Edelman v. Jordan</u>, 415 U.S. 651, 666-67 (1974)). Anderson contends that his complaint falls within the <u>Ex parte Young</u> exception.

Anderson contends for the first time on appeal that his action is grounded on a violation of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, which amended Title IV-D of the Social Security Act. Anderson does not state

specifically which provision of the Social Security Act was violated by the Attorney General or why he believes that he has a private right of action under the Social Security Act. See Blessing v. Freestone, 520 U.S. 329, 340-48 (1997).

Anderson contends that his right to due process was violated and that he is seeking prospective injunctive relief only. Anderson contends also that the Attorney General violated his rights under the Eighth Amendment prohibition against excessive fines. Although Anderson contends that he is suing the Attorney General in his individual capacity, he does not contend that the Attorney General was personally involved in a constitutional violation. Anderson contends only that he asked a child support officer (not a defendant) to reduce the amount of his child support payment, but that his request was refused notwithstanding the fact that the case officer had the discretion under state law to extend the payment terms on hardship grounds. Anderson has not alleged facts showing that the case officer's refusal was pursuant to an unconstitutional state policy implemented by the Attorney General. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

Because the appeal is without arguable merit, it is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.